UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BISHOP WILLIAM B. CARACTOR,
REVEREND HELEN CLAY-CARACTOR,

              Plaintiffs,

      -against-

HOUSING BRIDGE 93RD AVENUE FAMILY
RESIDENCE, MR. NOEL FRANCIS, Program
Director, MS. MAGARD, Director of Social
Services, MS. NICOLE WASHINGTON, Case
Manager, MS. S. EVANS, Housing Specialist,

             Defendants.
------------------------------------------------------------X

**ORDER**
13-CV-3800 (SJF)(AKT)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E D N Y

★ NOV 22 2013 ★

LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

On July 8, 2013, *pro se* plaintiffs Bishop William B. Caractor ("Bishop") and Reverend Helen Clay Caractor ("Reverend") (together, "plaintiffs") filed complaint against the Housing Bridge 93rd Avenue Family Residence ("Housing Bridge"), Mr. Noel Francis, Ms. Magard, Ms. Nicole Washington and Ms. S. Evans (collectively, "defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983") and the Civil Rights Act of 1964 ("Civil Rights Act"), accompanied by Bishop's application to proceed *in forma pauperis*. On July 17, 2013, Reverend submitted an application to proceed *in forma pauperis*. Plaintiffs' financial status, as set forth in their declarations in support of their applications to proceed *in forma pauperis*, qualifies plaintiffs to commence this action without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Accordingly, plaintiffs' applications to proceed *in forma pauperis* are granted. However, for the reasons set forth below, plaintiffs' complaint is *sua sponte* dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915 A(b)(1) and plaintiffs are granted thirty (30) days to file an amended complaint in accordance with this order.

I.   The Complaint[1]

Plaintiffs' complaint is largely incomprehensible. As the Court can best discern, the complaint purports to allege disparate treatment based on plaintiffs' status as ordained ministers of the Gospel of Christ, their medical conditions (diabetes, cancer, and high blood pressure), and their age. Compl. at 1-2. Bishop is 65 years old and Reverend is 46 years old. *Id.* at 1. On November 16, 2012, plaintiffs and their child entered Housing Bridge, which is a "2 Tier Family Residence Shelter due to Hurricane Sandy," that is operated under the policies and procedures established by the City of New York Department of Homeless Services ("DHS"). *Id.* at 2. According to the complaint, DHS policy requires all residents to produce documentation which is used to establish an "Independent Living Plan," "all clients be given the same Independent Living Plan," "all clients save 30% of their monthly net income," and all clients "meet with their case manager every two weeks." *Id.* at 2-3. Plaintiffs allege that contrary to DHS policy, defendants required plaintiffs to "save 50% of their gross income" and to meet with their case manager once every week. *Id.* Plaintiffs also allege that "defendants requested documentation from plaintiffs() as it relates [to] the Independent Living Plan and Compliance," including "a letter from the Real Estate Broker concerning the current negotiation of a house purchase and a bank statement," but before they could "supply the requested documents," plaintiffs "were placed in non-compliance which can cause you to be expelled, sanctioned or involuntarily transferred." *Id.* at 3.

---

[1]   All material allegations in the complaint are assumed to be true for the purposes of this order and do not constitute findings of fact by the Court. *See e.g., Rogers v. City of Troy, N.Y.*, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

2

Plaintiffs assert a due process claim pursuant to Section 1983, alleging "that the defendants intentionally and willfully violated the plaintiff(s) constitutional rights by not receiving documents that are required under the law to remain in the temporary housing shelter." *Id.* Plaintiffs assert a disparate treatment claim under the Civil Rights Act but do not identify a specific section of the statute. To the extent plaintiffs seek to invoke 42 U.S.C. § 2000e as a basis for their complaint, that section is inapplicable because it focuses on discrimination in employment. Plaintiffs are not employed by defendants, and thus, 42 U.S.C. § 2000e is not at issue here.[2] To the extent that plaintiffs rely on 42 U.S.C. § 2000d, plaintiffs claim to have suffered discrimination based only on their age, medical condition, and religious status, and not race, color, or national origin as is required by the statute.

As a result of the foregoing, plaintiffs seek to recover a damages award of $300,000. Plaintiffs also seek an injunction "barring the defendants from violating the US Constitution, 1983 Civil Rights Act and the 1964 Civil Rights Act." *Id.* at 15.

II. Standard of Review

Under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim upon on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys. The Court is required to read a *pro se* complaint liberally, *Erickson v.*

---

[2] The complaint includes a "Memorandum of Law" which appears to be in support of a claim of employment discrimination against UPS, a non-party in this action. *Id.* at 7-15. Specifically, the Memorandum includes: "In the instant case, the claim of disparate treatment is articulated in terms of a pattern and practice of systematic disparate treatment of minority workers as compared to white workers at the San Francisco facility of UPS." *Id.* at 8. These allegations are wholly unrelated to the parties in the instant action.

3

*Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (citation omitted), and to construe it "'to raise the strongest arguments'" suggested. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (quoting *Harris v. City of N.Y.*, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010), *aff'd* 133 S. Ct. 1659 (2013), (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)); *see also Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 171 (2005).

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). While the plausibility standard "does not require detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557); *accord Pension Benefit Guar. Corp. ex rel. Saint Vincent Catholic Med. Ctr. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013).

Though plaintiffs generally claim that the defendants, collectively, treated them disparately, wholly absent from the complaint is any factual support for the speculative conclusions that any differential treatment was based on plaintiffs' membership in a protected class. *See Ruston v. Town Bd. of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) ("Under *Iqbal*, factual allegations must be sufficient to support necessary legal conclusions," and must

4

"plausibly suggest an entitlement to relief."). Plaintiffs have failed to allege facts linking the conduct complained of to a protected class. *See, e.g., Kitchen v. Phipps Houses Grp. of Cos.*, 380 F. App'x 99, 101 n.2 (2d Cir. 2010) (summary order) (affirming dismissal of discrimination claims where plaintiff failed to "plead some facts that plausibly link [the conduct complained of] . . . to race or disability bias"). Moreover, given that several pages of the complaint are devoted to alleging claims of employment discrimination by UPS, a non-party, the Court is compelled to find that dismissal is warranted. Accordingly, the complaint is dismissed without prejudice and with leave to file an amended complaint within thirty (30) days.

IV. Conclusion

In light of plaintiffs' *pro se* status, this Court will grant plaintiff thirty (30) days from the date of this order to re-plead their complaint to correct the deficiencies noted above. The amended complaint must include a short, plain statement of facts sufficient to support a plausible claim that the defendants discriminated against plaintiffs in violation of the applicable statute. The amended complaint shall be clearly entitled "amended complaint" and bear the same docket number as this order, 13-CV-3800 (SJF)(AKT).

No summons shall issue at this time and all further proceedings shall be stayed until plaintiffs have complied with this order. If plaintiffs fail to file an amended complaint within thirty (30) days, the instant action shall be dismissed without further notice and judgment shall enter in favor of defendants. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for

purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

**SO ORDERED.**  s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: November 22, 2013
      Central Islip, New York