D/F

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ APR 02 2014 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BISHOP WILLIAM B. CARACTOR,
REVEREND HELEN CLAY-CARACTOR,

                Plaintiffs,

**ORDER**
13-CV-3800 (SJF)(AKT)

      -against-

HOUSING BRIDGE 93RD AVENUE FAMILY
RESIDENCE, MR. NOEL FRANCIS, Program
Director, MS. MAGARD, Director of Social
Services, MS. NICOLE WASHINGTON, Case
Manager, MS. S. EVANS, Housing Specialist,

                Defendants.
------------------------------------------------------------X
BISHOP WILLIAM B. CARACTOR,

                Plaintiff,

13-CV-7043 (SJF)(AKT)

      -against-

CITY OF NEW YORK DEPARTMENT OF
HOMELESS SERVICES, MICHELE OVESSEY,
CARL MYRICKS, Program Administrator,
PROGRAM ANALYST SHAYLA SIMON, jointly
and severally,
                Defendants.
------------------------------------------------------------X

FEUERSTEIN, District Judge:

      On July 8, 2013, *pro se* plaintiffs Bishop William B. Caractor and Reverend Helen Clay Caractor (together, "plaintiffs") filed an *in forma pauperis* complaint in the case bearing docket number 13-CV-3800 (SJF)(AKT) (the "13-CV-3800 Action") against Housing Bridge 93rd Avenue Family Residence ("Housing Bridge"), Mr. Noel Francis, Ms. Magard, Ms. Nicole Washington, and Ms. S. Evans (collectively, the "Housing Bridge defendants"), pursuant to 42 U.S.C. § 1983 ("Section 1983") and the Civil Rights Act of 1964 ("CRA"). By Order dated

November 22, 2013, the Court granted plaintiffs' applications to proceed *in forma pauperis* and dismissed the complaint with leave to amend on or before December 22, 2013. On December 16, 2013, plaintiffs timely filed an amended complaint ("13-CV-3800 Amended Complaint.").

On October 28, 2013, Bishop filed a new *in forma pauperis* civil rights complaint (the "13-CV-7043 Complaint") in the United States District Court for the Southern District of New York ("S.D.N.Y.") against the City of New York Department of Homeless Services ("NYCDHS"), Michele Ovesey, Carl Myricks, and program analyst Shayla Simon (collectively, the "NYCDHS defendants") pursuant to Section 1983, the CRA and the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq*. On December 10, 2013, the case was transferred from the S.D.N.Y. to this Court and assigned docket number 13-CV-7043 (SJF)(AKT) (the "13-CV-7043 Action").

I. Factual Background

The 13-CV-3800 Amended Complaint and the 13-CV-7043 Complaint are both difficult to comprehend. While the 13-CV-3800 Amended Complaint is brought against the Housing Bridge defendants and the 13-CV-7043 Complaint against the NYDHCS defendants, the two (2) complaints allege largely the same claims arising from the same set of facts. Bishop, a sixty-five (65) year old "consecrated Bishop and Presiding Prelate of Discovered Being Ministry Incorporated" with medical conditions (diabetes, cancer, and high-blood pressure), along with his wife and daughter, reside at Housing Bridge, which "operate[s] under the policies and procedures established by [NYCDHS]." (13-CV-3800 Am. Compl. at 1-2; 13-CV-7043 Compl. at 1, 3). According to plaintiffs, while NYCDHS policy requires all clients to save thirty percent (30%) of their net income and to meet with their case manager every two (2) weeks, plaintiffs were required to save fifty percent (50%) of their gross income and to meet with their case

manager weekly. (13-CV-3800 Am. Compl. at 2-3; 13-CV-7043 Compl. at 4). Plaintiffs further allege that they were not permitted to submit documentation to establish their compliance with the NYCDHS policies. (13-CV-3800 Am. Compl. at 3; 13-CV-7043 Compl. at 5). While plaintiffs contend that "they were placed in non-compliance which can cause you to be expelled, sanctioned or involuntarily transferred," plaintiffs do not allege to that they have been expelled, sanctioned or involuntarily transferred. (13-CV-3800 Am. Compl. at 3). The relief sought in both pleadings is $300,000 as well as injunctive relief barring defendants from violating federal law. (13-CV-3800 Am. Compl. at 5; 13-CV-7043 Compl. at 6).

II. Discussion

A. Application to Proceed *In Forma Pauperis*

Upon review of Bishop's declarations in support of his application to proceed *in forma pauperis* in the 13-CV-7043 Action, the Court determines that Bishop's financial status qualifies him to commence the action without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Therefore, Bishop's request to proceed *in forma pauperis* is granted.

B. Consolidation of the Complaints

Under Federal Rule of Civil Procedure 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "The trial court has broad discretion to determine whether consolidation is appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990). Consolidation is appropriate in order to serve the interests of judicial economy. *See, e.g., Jacobs v. Castillo*, No. 09 Civ. 953, 2009 WL 1203942, at *3 (S.D.N.Y. Apr. 23, 2009) ("Consolidation would further the goal of 'judicial economy' because discovery

3

in each case is likely to be identical, motion practice and trial in the two cases would most likely cover the same facts and some identical issues of law."). Specifically, consolidation of cases with common questions of law or fact is favored "to avoid unnecessary costs or delay," *Johnson*, 899 F.2d at 1284, and to "expedite trial and eliminate unnecessary repetition and confusion." *Devlin*, 175 F.3d at 130 (internal citations omitted).

Cases may be consolidated where, as here, there are different parties in the complaints. *See Werner v. Satterlee, Stephens, Burke & Burke*, 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992) ("The fact that there are different parties in this action does not mean this case should not be consolidated."); *see also Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 402 (S.D.N.Y. 2004) (explaining that consolidation is appropriate even where certain defendants are named in only one of the complaints). Cases may also be consolidated even where, as here, there are differences in the causes of action. *See Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007) ("Differences in causes of action . . . do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation."). The paramount concern is whether savings of expense and gains of efficiency can be accomplished without sacrifice of justice. *Johnson*, 899 F.2d at 1285 ("Considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial.").

"The Second Circuit has long adhered to the first-filed doctrine in deciding which case to dismiss where there are competing litigations. Where there are several competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." *Kellen Co. v. Calphalon Corp.*, 54 F. Supp. 2d 218, 221 (S.D.N.Y. 1999) (internal quotation marks, alterations, and citations omitted); *accord*

*Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991); *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989). The first-filed rule seeks to conserve judicial resources and avoid duplicative litigation. *See Adam*, 950 F.2d at 92; *First City Nat'l Bank*, 878 F.2d at 80; *Kellen*, 54 F. Supp. 2d at 221.

The 13-CV-3800 Amended Complaint and the 13-CV-7043 Complaint both purport to allege violations of the plaintiffs' civil rights in connection with their continued housing at Housing Bridge. Apart from the identity of the parties and the FHA claim in the 13-CV-7043 Complaint, the two (2) complaints are largely the same. The fact that the parties and claims are not identical in the two (2) actions does not preclude a finding that the cases should be consolidated. *See Werner*, 797 F.Supp. at 1211; *Kaplan*, 240 F.R.D. at 91. The Court concludes that these differences do not outweigh the interests of judicial economy that would be served by consolidation, given the common questions of law and fact in both cases. Accordingly, the Court orders that these complaints be consolidated pursuant to Federal Rule of Civil Procedure 42 into the first filed case, the 13-CV-3800 Action. The Clerk of Court is directed to: (1) consolidate these actions, and (2) close the 13-CV-7043 Action. All future filings are to be docketed in the 13-CV-3800 Action.

C. Application of 28 U.S.C. § 1915

Under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys. The Court is required to read a *pro se* complaint liberally, *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (citation omitted), and to construe it "'to raise the strongest arguments'" suggested. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)

(quoting *Harris v. City of N.Y.*, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010), *aff'd* 133 S. Ct. 1659 (2013), (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)); *see also Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 171 (2005).

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). While the plausibility standard "does not require detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557); *accord Pension Benefit Guar. Corp. ex rel. Saint Vincent Catholic Med. Ctr. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013).

1. 13-CV-3800 Amended Complaint

The 13-CV-3800 Amended Complaint contains very few minor additions, such as the phrase "placed the plaintiffs in non-compliance," and the conclusory allegation that "Plaintiffs have suffered humiliation, emotional stress and mental anguish as a result of the defendants actions regarding their rights that are protected by the US Constitution Fourteenth Amendment and the 1983 Civil Rights Act." (13-CV-3800 Am. Compl at 2). Notably missing from the 13-CV-3800 Amended Complaint are the "Disparate Treatment," "Protected Class," and "Memorandum of Law" sections that were included in the original complaint. Notwithstanding

6

those changes, the 13-CV-3800 Amended Complaint is virtually identical to the initial complaint. The 13-CV-3800 Amended Complaint fails to cure the pleading deficiencies of the initial complaint set forth in this Court's November 22, 2013 order. Accordingly, plaintiffs' 13-CV-3800 Amended Complaint is dismissed with prejudice.

2. 13-CV-7043 Complaint

As with plaintiffs' initial complaint in the 13-CV-3800 Action, the 13-CV-7043 Complaint generally alleges that "[p]laintiff(s) were met with disparate treatment" by the NYCDHS defendants, but fails to plead any facts to support the speculative conclusions that any alleged differential treatment was based on plaintiffs' membership in a protected class. 13-CV-7043 Compl. at 4. *See Ruston v. Town Bd. of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) ("Under *Iqbal*, factual allegations must be sufficient to support necessary legal conclusions," and must "plausibly suggest an entitlement to relief."). Plaintiffs have failed to allege facts linking the conduct complained of to a protected class. *See, e.g., Kitchen v. Phipps Houses Grp. of Cos.*, 380 F. App'x 99, 101 n.2 (2d Cir. 2010) (summary order) (affirming dismissal of discrimination claims where plaintiff failed to "plead some facts that plausibly link [the conduct complained of] . . . to race or disability bias"). Nor do plaintiffs allege any facts to support their conclusion that "[t]o deny the plaintiff the right to purchase a home which is permanent housing is a violation of the Fair Housing Act." 13-CV-7043 Compl. at 5. Accordingly, this Court is compelled to find that dismissal is warranted.

Moreover, considering plaintiffs' failure to cure the deficiencies in the initial complaint in the 13-CV-3800 Action, which is based upon the same facts as the 13-CV-7043 Action, the Court concludes that leave to amend the 13-CV-7043 Complaint would be futile. *See MetLife Inv. USA Ins. Co. v. Zeidman*, 734 F. Supp. 2d 304, 311 (E.D.N.Y. 2010), *aff'd*, 422 F. App'x

589 (2d Cir. Sept. 19, 2011) (amendment would be futile "if the amended complaint would not contain enough allegations of fact to state a claim for relief that is plausible on its face) (internal quotation marks and citation omitted); *Lashley v. Sposato*, No. 13-CV-6343, 2014 WL 354669, at *5 (dismissing claim with prejudice "where a proposed amendment would be futile"). Accordingly, the 13-CV-7043 Complaint is dismissed with prejudice.

III. Conclusion

For the reasons set forth above, the 13-CV-3800 Amended Complaint and the 13-CV-7043 Complaint are consolidated into the 13-CV-3800 Action. The Clerk of the Court shall close the case bearing docket number 13-CV-7043. Furthermore, the 13-CV-3800 Amended Complaint and the 13-CV-7043 Complaint are both dismissed with prejudice. The Court notes that plaintiffs have a history of filing lawsuits alleging violations of their constitutional rights while living at homeless shelters. *See Caractor, et al. v. Salvation Army of Greater N.Y., et al.*, No. 05-cv-1698 (SJF)(MLO) (E.D.N.Y. 2005); *Caractor, et al. v. Davis-Moten, et al.*, No. 06-cv-5299 (SJF)(MLO) (E.D.N.Y. 2006); *Caractor, et al. v. City of N.Y. Dep't of Homeless Servs.*, 07-cv-1591 (SJF)(MLO) (E.D.N.Y. 2007). Therefore, no further actions may be brought concerning the housing accommodations of plaintiffs without leave from the Court. The Clerk of Court is directed to close the 13-CV-3800 Action and to mail a copy of this order to the *pro se* plaintiffs.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

**SO ORDERED.**

s/ Sandra J. Feuerstein
_____
Sandra J. Feuerstein
United States District Judge

Dated: April 2, 2014
Central Islip, New York